UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI YAZDCHI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-00031 |
| | § | |
| THE COHEN LAW FIRM, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is a motion to dismiss for lack of subject matter jurisdiction filed by defendant The Cohen Law Firm a/k/a Gary J. Cohen ("Cohen"). Dkt. 4. After considering the pleading, motion, response, reply, and applicable law, the court finds that the best course is to order further briefing from plaintiff Ali Yazdchi.

### I. BACKGROUND

Yazdchi filed his claim again Cohen in this court on January 3, 2017. Dkt. 1. In the complaint, Yazdchi contends that "this court has jurisdiction and venue is proper in Harris [C]ounty because all of part of plaintiff's causes of action accrued in this county and plaintiff is [a] citizen of another state and the damages . . . exceed[] $75000[.]00, exclusive of interest and costs." *Id.* He notes in the complaint that he "is an individual residing in Harris, county [sic.], Texas" and that Cohen is located in Austin, Texas. *Id.*

Cohen filed a motion to dismiss on January 31, 2017. Dkt. 4. Cohen notes that the claims asserted in Yazdchi's complaint are state-law claims and that, notwithstanding Yazdchi's assertion in his complaint that he is a citizen of another state, he also asserts that his resides in Harris County. *Id.* Cohen argues that there is no federal question jurisdiction because Cohen asserts state-law

claims. And he argues that there is no diversity jurisdiction because Cohen resides in Texas and Cohen resides in Texas. *Id.* Additionally, Cohen notes that Yazdchi's complaint does not adequately allege the minimum amount in controversy for diversity jurisdiction because the contract at issue is only valued at $15,000.00 and, while Yazdchi states he also seeks exemplary damages, an exemplary damages award that would result in a recovery exceeding $75,000.00 would be unconstitutional. *Id.*  Yazdchi filed a response in which he admits that he resides in Harris County but asserts that he is a citizen of Iran, not Texas. Dkt. 6. He also asserts that his damages exceed over $600,000.00 exclusive of interest, as he lost valuable personal property due to Cohen's actions. *Id.*

In reply, Cohen asserts that Yazdchi must "distinctly and affirmatively" allege that he is not lawfully admitted for permanent residence in the United States, which he has not done. Dkt. 5. Additionally, Cohen directs the court to another case in which Yazdchi asserted that he was a citizen of the State of Texas. *Id.*

## II. LEGAL STANDARD AND ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts have limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Under 28 U.S.C. § 1331, a district court had "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The only claims asserted in the

complaint are breach of contract and fraud, both of which are state-law claims. *See* Dkt. 1. Thus, the court may not exercise jurisdiction under § 1331.

Under 28 U.S.C. § 1332, a district court may exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In his complaint, Yazdchi claimed he was a citizen of a "different State" but a resident of Texas. *See* Dkt. 1. He clarifies in his response that he is actually a citizen of a different *country*—Iran. *See* Dkt. 6. Under § 1332(a)(2), the court may exercise jurisdiction between citizens of a State and citizens or subjects of a foreign state if the minimum amount in controversy is satisfied, but a district court does not have jurisdiction over "an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). The court cannot tell from the pleading or Yazdchi's response if he is lawfully admitted for permanent residence in the United States.

According to Cohen, it does not matter because Yazdchi has already admitted he is a citizen of Texas in a prior judicial proceeding.

> A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention. . . . By contrast, an ordinary evidentiary admission is merely a statement of assertion or concession made for some independent purpose, and it may be controverted or explained by the party who made it. . . . A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party.

*Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (citations and internal quotations omitted). To be a judicial admission, the statement "must be made intentionally as a waiver,

3

releasing the opponent from proof of fact." *United States v. Chavez–Hernandez*, 671 F.3d 494, 501 (5th Cir.2012) (quoting *Martinez*, 244 F.3d at 476). Additionally, "judicial admissions are not conclusive and binding in a separate case from the one in which the admissions were made." *Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1142 (5th Cir. 1991).

Here, Yazdchi stated the following in a motion to reconsider his motion to remand in a case Judge Ellison considered in 2015: "This Court does not have Jurisdiction over This case and withdrawn [sic.] all the Ruling due to the Facts That Plaintiff Ali Yazdchi and [third-party defendant] William E. Ryan have same citizenship as their [sic.] Residents are in State of Texas and this case was originally was [sic.] filed in state court but Defendant wrongfully [removed] this case to Federal court." *Yazdchi v. JP Morgan Chase Bank, N.A.*, No. 4:15-cv-00121, Dkt. 50 (attached to Dkt. 5 in this case). This *could* be interpreted as an admission that Yazdchi is a citizen of Texas, but it (1) was not a waiver releasing his opponent from proof of a fact; and (2) it was made in a different proceeding. Thus, Yazdchi is not necessarily bound by that statement in this case. Moreover, the court gives some leeway to pro se defendants and believes that the filing in Judge Ellison's case, combined with Yazdchi's discussions of jurisdiction in this case, simply reflects an overall misunderstanding of how citizenship versus residence in a state impacts the jurisdictional analysis.

Given Yazdchi's status as a pro se litigant, his indication in his response that the amount in controversy is met,[1] and his apparent confusion about what the jurisdictional statutes mean by residency and citizenship, the court finds that the best course is to require Yazdchi to file a short surreply explaining whether he is "lawfully admitted for permanent residence in the United States."

---

[1] The court notes that Yazdchi's complaint does not discuss these damages and that an amendment would be in order if the case is not otherwise dismissed for lack of jurisdiction.

*See* 28 U.S.C. § 1332(a)(2).  Yazdchi shall file this surreply within ten (10) days of the date of this order.  The court will defer ruling on the motion to dismiss until after Yazdchi files his surreply.

### III. CONCLUSION

Yazdchi is ORDERED to file a surreply explaining whether he is lawfully admitted for permanent residence in the United States within ten (10) days of the dates of this order.  The court DEFERS ruling on Cohen's motion to dismiss until after Yazdchi files his surreply.

Signed at Houston, Texas on February 21, 2017.

_____
Gray H. Miller
United States District Judge